UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DOMINIC PLUMBER** | **:** | **DOCKET NO. 12-CV-00337** |
| **VS.** | **:** | **JUDGE MINALDI** |
| **MICHAEL J. ASTREW, COMMISSIONER OF SOCIAL SECURITY** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of supplemental security income claimed under Title VII of the Social Security Act. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On May 16, 2008, plaintiff filed an application for supplemental security benefits alleging disability beginning on May 14, 2007. Tr. 184-86. The claim was initially denied on August 19, 2008. Tr. 74-77. Plaintiff requested and was granted an administrative hearing which was held on June 8, 2010. Tr. 32-68. Plaintiff was represented at the hearing by a non-attorney disability consultant, Anthony Mitchell. Prior to the hearing, Mr. Mitchell requested that the Administrative Law Judge ("ALJ") issue a subpoena compelling the presence of Dr. Matthew Ericson who had performed a consultative examination of plaintiff and issued a report in connection therewith. This subpoena, however, was never issued.

On August 23, 2010, the ALJ issued an unfavorable decision finding that plaintiff's

impairments of schizophrenia, hypertension, history of toxic goiter, and hypothyroidism were severe but that he maintained the residual functional capacity ("RFC") to perform the full range of work with limitations of occasional interaction with others and restriction of complex or detailed tasks.  Relying on testimony of a vocational expert ("VE") the ALJ found that plaintiff could perform work that exists in significant numbers in the national economy.  Tr. 16-26.

Plaintiff filed a request for appellate review of this decision and on December 1, 2011 his request was denied.  Tr. 1-3.  On February 20, 2012 plaintiff filed suit in this court appealing the determinations of the Commissioner.  Doc. 1.  Plaintiff makes five arguments for reversal:

1. The ALJ failed to issue a timely requested subpoena and thereby denied plaintiff due process of law;

2. The ALJ filed to apply the correct legal standard found in *Stone v Heckler,* 752 F.2d 1099 (5th Cir.1985);

3. The ALJ incorrectly found that plaintiff's impairments did not establish per se or presumptive entitlement;

4. The ALJ's RFC finding is not supported by substantial evidence, and;

5. The ALJ posited a defective hypothetical question to the vocational expert.

Finding merit in plaintiff's first argument, the court recommends that this matter be REMANDED in accordance with the fourth sentence of 42 U.S.C. § 405(g).

## LAW AND ANALYSIS

Section 42 U.S.C. § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court notes that a social security case should be remanded if additional proceedings can complete the record or cure any defects in the initial administrative hearings.  *See Powell v.*

*Chater,* 959 F.Supp. 1238, 1246 (C.D.Cal.1997).

On June 22, 2009 non-attorney representative Anthony Mitchell faxed a request to the Office of Social Security wherein he wrote, "Dear Judge, Please issue a subpoena compelling the physical presence of Matthew Erickson, M.D., author of a consultative examination report dated June 21, 2008 for purposes of cross-examination." Tr. 129.  Again on November 23, 2009 Mr. Mitchell wrote a letter to the Office of Disability Adjudication wherein he stated, "Additionally, the claimant re-urges his request that the Court issue a subpoena compelling the physical presence of Dr. Matthew Erickson, author of a June 21, 2008 consultative examination, during claimant's upcoming hearing …" Tr. 128.  Despite these requests, a subpoena was not issued.

Plaintiff argues that the ALJ's failure to issue the subpoena and comply with the Fifth Circuit holding in *Lidy v. Sullivan,* 911 F.2d 1075 (5th Cir.1990) denied him due process of law. In *Lidy,* the Fifth Circuit held that due process entitles a disability claimant to cross examine individuals whose reports are considered as evidence in the disability determination.  *Id.* at 1077. Further, both the Hearings, Appeals, and Litigation Law manual (HALLEX) I-2-5-78C and Acquiescence Ruling (AR) 91-1(5) and (2) adopt the Fifth Circuit holding of *Lidy* and state that "when a claimant requests, prior to the closing of the record, that a subpoena be issued for the purpose of cross-examining an examining physician, the adjudicator *must* issue the subpoena." (emphasis original).

The Commissioner argues first that plaintiff's request does not strictly comply with the requirements for requesting a subpoena found in 20 C.F.R. § 416.1450(d)(2) which provides:

> Parties to a hearing who wish to subpoena documents or witnesses must file a written request for the issuance of a subpoena with the administrative law judge or at one of our offices at least 5 days before the hearing date. The written request must give the names of the witnesses or documents to be produced; describe the address or location of the witnesses or documents with sufficient detail to find them; state

>the important facts that the witness or document is expected to prove; and indicate why these facts could not be proven without issuing a subpoena.

The Commissioner argues that the requests sent by plaintiff's representative were deficient because they failed to include Dr. Erickson's address and why his presence was required. Thus, he argues that the Court was not obligated to issue the defective subpoenas.

We disagree. The request clearly stated that Dr. Erickson's presence was for purposes of cross-examination and as for the address not being provided, Dr. Erickson was a physician chosen by the state agency, Disability Determination Services, and paid for at the state's expense to conduct a consultative examination of plaintiff.[1] We do not find that the fact that the address of the state chosen doctor was not provided to be a deficiency that is fatal to plaintiff's request for a subpoena.

The Commissioner also contends that "the ALJ did not refuse this request, but appears to have misread the contents of the hand-written fax." Doc. 11, p. 3. We reject this argument. The record is silent as to why the subpoena was not issued and our review is limited to the record before us. *Villa v. Sullivan,* 895 F.2d 1019, 1022 (5th Cir.1990). The record does not indicate whether the ALJ even considered plaintiff's requests. The court will not attempt to ascertain the reason for the failure to issue the subpoena if and when it is not clearly contained in the record.

Finally, the Commissioner argues that the ALJ's failure to issue the subpoena was harmless error. The Commissioner contends that plaintiff has not shown that Dr. Erickson's lack of attendance was prejudicial. He asserts that the ALJ relied primarily on the testimony of two

---

[1] Section 20 C.F.R. § 404.1517 provides: If your medical sources cannot or will not give us sufficient medical evidence about your impairment for us to determine whether you are disabled or blind, we may ask you to have one or more physical or mental examinations or tests. We will pay for these examinations. However, we will not pay for any medical examination arranged by you or your representative without our advance approval. If we arrange for the examination or test, we will give you reasonable notice of the date, time, and place the examination or test will be given, and the name of the person or facility who will do it. We will also give the examiner any necessary background information about your condition.

other medical examiners that testified at the hearing and Mr. Mitchell had the opportunity to cross-examine both of these doctors.

Again, we disagree. The opinion written by the ALJ clearly relied on the evaluation conducted by Dr. Erickson. As stated in the opinion:

> As for the opinion evidence, the undersigned accords great weight to the expert opinions of Drs. Khushalani and Billinghurst. Both physicians are well-qualified and the undersigned finds their opinions well-reasoned and supported by the evidence as a whole, including the consultative evaluation completed by Dr. Matthew Erickson on June 21, 2008, in which Dr. Erickson indicated the claimant was medically managed effectively with no exacerbations as long as he was compliant with his treatment regimen and should be able to sit, walk, stand, lift, carry, and manipulate objects without restrictions for a full workday. Dr. Erickson further reported that the claimant did not appear to have any deficiency in concentration, decrease in persistence, or decrease in motivation for task completion and has no apparent difficulty with social interaction or problems with adaptation to environmental stimuli.

Tr. 24. After reviewing the decision in the record, this court concludes that the ALJ significantly relied on the medical opinion of Dr. Erickson when issuing his opinion denying benefits. By neglecting to issue a subpoena for Dr. Erickson and denying the claimant the opportunity to cross examine Dr. Erickson the ALJ violated due process standards. We do not find this error harmless. This error requires remand. *See Tanner v. Secretary,* 932 F.2d 1110 (5th Cir. 1991).

## RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision should be **VACATED** and the matter **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow plaintiff the opportunity to cross-examine Dr. Matthew Erickson regarding his consultative examination report.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 18th day of July, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE